

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV 2 8 2018

CLERK, U.S. DISTRICT COURT
By_____
Deputy

CURTIS ROSCOE STAFFORD, §
§
   Petitioner, §
§
v. § No. 4:18-CV-935-A
§
LORIE DAVIS, Director, §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
§
   Respondent. §

## MEMORANDUM OPINION
### and
### ORDER

This is a purported petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2241 filed by petitioner, Curtis Roscoe

Stafford, a state prisoner incarcerated in the Correctional

Institutions Division of the Texas Department of Criminal Justice

(TDCJ), against Lorie Davis, director of TDCJ, respondent. After

having considered the pleadings and relief sought by petitioner,

the court has concluded that the petition should be dismissed for

lack of subject matter jurisdiction. No service has issued upon

respondent.

### I. Factual and Procedural History

Petitioner is serving a 22-year sentence for his February 7,

2013, conviction in the 432nd District Court, Tarrant County,

Texas, Case No. 1276266D, for aggravated sexual assault by

threat. TDCJ's Offender Information Details, *available at*

http://www.tdcj.texas.gov/OffenderSearch/offenderDetail. This is petitioner's second attempt to challenge his state-court conviction by way of a habeas petition under § 2241, versus § 2254. His first petition was properly construed as a petition under § 2254 and petitioner was ordered to complete and return a form § 2254 petition, which he refused or failed to do. Order, Stafford v. Davis, No. 4:18-CV-628-A, ECF No. 5. On September 27, 2018, the prior petition was involuntarily dismissed for failure to prosecute or follow a court order. *Id.* ECF No. 8. This second petition is virtually identical to his first.

## II. Discussion

Petitioner again asserts that he brings this petition under § 2241, not § 2254, in an apparent attempt to avoid the federal statute of limitations. (Pet. 1-3.) However, a prisoner may not utilize § 2241 merely to avoid various statutory restrictions applicable to § 2254 actions. *See Propes v. Dist. Attorney Office,* 445 Fed. App'x 766, 767, 2011 WL 4931371, at *1 (5th Cir. 2011), *cert. denied,* 566 U.S. 976 (2013); *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003), *cert. denied,* 541 U.S. 1032 (2004); *Coady v. Vaughn,* 251 F.3d 480, 485 (3d Cir. 2001).

Section 2241 is a general grant of jurisdiction to issue a writ of habeas corpus. However, "[a]uthority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a

person in custody pursuant to the judgment of a State court.'" *Felker v. Turpin,* 518 U.S. 651, 662 (1996). So while § 2241 does grant authority to district courts to consider a state prisoner's habeas claims, that authority is subject to the restrictions and limitations found in the more specific statutory provisions of § 2254 in cases where the person is in custody pursuant to a state-court judgment. *Id.* at 662. Since petitioner is in custody pursuant to a state-court conviction and judgment and challenges the validity of his state-court conviction, the exclusive avenue for doing so is via a habeas petition under § 2254. See *Carmona v. Andrews,* 357 F.3d 535, 537 (5th Cir. 2004).

Because the court construed petitioner's prior federal petition as a petition under § 2254 seemingly against his wishes, the court may, but will not, recharacterize the instant petition as seeking relief under § 2254. Instead, 28 U.S.C. § 2243 authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the government. Therefore, the court will dismiss the petition as it does not confer jurisdiction on the court under § 2241.

### WARNING

Petitioner is warned that any future attempts of a similar nature will lead to the imposition of sanctions, which may include monetary penalties, a bar to filing any further complaints, petitions, or motions in this court, and/or other

impediments.

For the reasons discussed herein,

The court ORDERS that the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be, and is hereby, dismissed for lack of subject matter jurisdiction. The court further ORDERS that a certificate of appealability be, and is hereby, denied.

SIGNED November ___28___, 2018.

JOHN McBRYDE
UNITED STATES DISTRICT JUDGE